19-965-cr
*United States v. Vargas*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty.**

Present:
ROBERT A. KATZMANN,
*Chief Judge*,
RICHARD C. WESLEY,
MICHAEL H. PARK,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

   *Appellee*,

  v.             No. 19-965-cr

LUIS OMAR VARGAS,

   *Defendant-Appellant*,

MEHMET DIKENGIL, ANNA JONES,
KATHERINE RAMOS,

   *Defendants*.

---

For Defendant-Appellant:    ZACHARY A. MARGULIS-OHNUMA, Law Office of Zachary Margulis-Ohnuma, New York, NY.

1

For Appellee:                        ALEXANDRA N. ROTHMAN, Assistant United States Attorney (Ryan B. Finkel, Anna M. Skotko, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Luis Omar Vargas appeals from a judgment of conviction by the United States District Court of the Southern District of New York (Abrams, *J.*), entered after a jury found him guilty of (1) conspiracy to commit health care fraud, in violation of 18 U.S.C. §§ 1347 and 1349; (2) health care fraud, in violation of 18 U.S.C. § 1347; and (3) conspiracy to violate the Anti-Kickback Statute, in violation of 18 U.S.C. § 371. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.        Preclusion of Testimony Concerning the Cellphone Search Warrant**

Vargas argues that the district court erred in precluding him from questioning Special Agent Steven Kay as to how he executed the search warrant for the cellphone of Vargas's codefendant, Mehmet Dikengil. Vargas argues that, contrary to the district court's determination, such testimony would have been relevant and not unfairly prejudicial under Federal Rules of Evidence 401 and 403. This Court reviews a district court's Rule 401 and 403 determinations "for abuse of discretion, which we will identify only if the ruling was arbitrary and irrational."

2

*United States v. Coppola*, 671 F.3d 220, 244 (2d Cir. 2012).[1] This review "is highly deferential in recognition of the district court's superior position to assess relevancy and weigh the probative value of evidence against its potential for unfair prejudice." *Id*. "Only rarely—and in extraordinarily compelling circumstances—will we, from the vista of a cold appellate record, reverse a district court's on-the-spot judgment concerning the relative weighing of probative value and unfair effect." *United States v. Awadallah*, 436 F.3d 125, 134 (2d Cir. 2006). "Additionally, we will not order a new trial because of an erroneous evidentiary ruling if we conclude that the error was harmless." *United States v. Abreu*, 342 F.3d 183, 190 (2d Cir. 2003).

The district court did not abuse its discretion in determining that any probative value of Agent Kay's testimony as to how he executed the cell phone search warrant was outweighed by a danger of unfair prejudice. After multiple colloquies on the subject and extended consideration of Vargas's request, the district court reasonably found that there was no proper purpose for Kay's testimony because there was no evidence that the search had been improperly conducted, the government was willing to stipulate as to the parameters of the search, and Vargas could argue that the government failed to present sufficient evidence of his guilt without questioning Kay. Moreover, any error in this determination would have been harmless, as Vargas was able to elicit on his cross-examination of Special Agent George Boresky that there were more messages on the phone than had been introduced into evidence; Vargas himself testified that he thought there might be missing messages; and Vargas argued in summation, based on Boresky's

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes, and citations are omitted.

testimony and his own, that the jury had seen a misleadingly small sample of the messages on the phone.

Vargas also argues for the first time on appeal that the district court's decision precluding his questioning of Agent Kay as to the search warrant violated his Sixth Amendment Confrontation Clause rights. Because Vargas did not raise a Confrontation Clause challenge below, we review for plain error. *See United States v. Dukagjini*, 326 F.3d 45, 59 (2d Cir. 2003). To demonstrate plain error, the defendant must show "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Hsu*, 669 F.3d 112, 118 (2d Cir. 2012).

Vargas fails to demonstrate any error. The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004). "[T]he proper Confrontation Clause inquiry should focus not on reliability as contemplated by the law of evidence, but on the 'witnesses against the accused—in other words, those who bear testimony.'" *United States v. James*, 712 F.3d 79, 88 (2d Cir. 2013) (quoting *Crawford*, 541 U.S. at 51). Here, Agent Kay was not a witness against Vargas and no testimonial statements of Agent Kay were introduced against Vargas. The pertinent evidence consisted of the contents of the cell phone examined by Agent Kay, not any statements made or conclusions drawn by Agent Kay. Agent Kay's compilation of which text

4

messages were responsive to the search warrant was not itself a "statement" for purposes of the Confrontation Clause.

Accordingly, admission of the cellphone search warrant evidence without Agent Kay's testimony did not violate Vargas's Confrontation Clause rights.

## II. Preclusion of Out-of-Court Statements

Vargas argues that the district court abused its discretion by not admitting certain out-of-court statements of Jessica Alayo, the dental clinic's former biller, as statements against penal interest pursuant to Federal Rule of Evidence 804(b)(3). "Federal Rule of Evidence 804(b)(3) permits the admission of a statement against an unavailable declarant's penal interest if the statement, when made, had so great a tendency to expose the declarant to criminal liability that a reasonable person in his position would have made the statement only if he believed it to be true, and corroborating evidence clearly indicates the trustworthiness of the statement." *United States v. Dupree*, 870 F.3d 62, 80 (2d Cir. 2017). "We review a district court's decision to exclude a statement under Rule 804(b)(3) for abuse of discretion." *United States v. Lumpkin*, 192 F.3d 280, 287 (2d Cir. 1999).

The district court did not abuse its discretion in finding that Alayo's statements, aside from two statements that defense counsel ultimately did not seek to admit, were not against Alayo's penal interest, without reaching the question of whether the statements were trustworthy. "[A]lthough the word 'statement' might be read broadly to refer to a declarant's entire confession, it must instead, in light of the principles underlying the Rule, be construed to refer to, and require assessment of, each assertion individually." *United States v. Ojudun*, 915 F.3d 875, 885 (2d Cir. 2019). "Thus, the district court may not just assume for purposes of Rule 804(b)(3) that a statement is self-inculpatory because it is part of a fuller confession, and this is especially

5

true when the statement implicates someone else." *Id*. at 886. "[A]s to any particular statement, the question under Rule 804(b)(3) is always, in light of all surrounding circumstances, whether the statement was sufficiently against the *declarant's* penal interest that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." *Id*. (emphasis in original).

The individual statements that defense counsel sought to admit were either (1) characterizations of Dikengil's role in the fraud as extensive, or (2) characterizations of Vargas as uninvolved, or less involved, in the fraud. As to the latter category, Vargas misreads *Williamson v. United States*, 512 U.S. 594 (1994), to argue that a statement failing to implicate potential co-conspirators is a statement against the declarant's interest. But *Williamson* merely stands for the principle that statements implicating co-conspirators are not necessarily against the declarant's self-interest. *See id.* at 604. This does not mean that any failure to implicate a possible co-conspirator is always against the declarant's self-interest. It was not against Alayo's self-interest to say that Vargas did not perform unauthorized dentistry or pay patients. Accordingly, these statements were correctly found to be inadmissible.

## III. Prosecutorial Misconduct

Vargas argues that the government engaged in prosecutorial misconduct during its rebuttal at summation such that his conviction must be reversed. "[A] defendant who seeks to overturn his conviction based on alleged prosecutorial misconduct in summation bears a heavy burden." *United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011). "He must show more than that a particular summation comment was improper. He must show that the comment, when viewed against the entire argument to the jury and in the context of the entire trial, was so severe and significant as to have substantially prejudiced him, depriving him of a fair trial." *Id*. The

6

plain error standard of review applies where "the defendant did not object at trial to the statements forming the basis of his appeal." *United States v. Williams*, 690 F.3d 70, 75 (2d Cir. 2012).

None of the statements that Vargas identifies, some of which he objected to at trial and some of which he did not, constitutes prosecutorial misconduct significant enough to have deprived him of a fair trial. While the district court sustained some of his objections, counseling the prosecutor that he was straying too far towards defense counsel's knowledge, these remarks were not prejudicial viewed in the context of an otherwise appropriate rebuttal. In addition, the judge gave a curative instruction that the prosecutor's statements were only argument. The remarks that defense counsel identifies for the first time on appeal are permissible under our established precedent that it is not "improper or excessive, without more, for a prosecutor to criticize defense arguments as merely being attempts to 'grasp at straws' or 'focus on distractions.'" *Id.*

Accordingly, we see no error meriting reversal in these remarks.

## IV.    Cumulative Error

Finally, Vargas argues that the alleged errors by the district court, even if they do not individually merit reversal, "had the cumulative effect of depriving Mr. Vargas the right to put on a defense to the charged conduct." Appellant's Br. at 53. Vargas is correct that "the cumulative effect of a trial court's errors, even if they are harmless when considered singly, may amount to a violation of due process requiring reversal of a conviction" where those errors in the aggregate "deprived the defendant[] of a fair trial." *United States v. Al-Moayad*, 545 F.3d 139, 178 (2d Cir. 2008); *see also In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 147 (2d Cir. 2008) ("The cumulative error doctrine comes into play only where the total

7

effect of the errors found casts such a serious doubt on the fairness of the trial that the convictions must be reversed."). However, as discussed above, the "errors" upon which Vargas relies were not, in fact, errors. Accordingly, his claim of cumulative error fails.

### V. Conclusion

We have considered all of Vargas's remaining contentions on appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk